IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                                                                  CR. No. 98-12 JP

**EDWARD BURKE and STACEY D. WELTY,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

Defendants filed a Motion to Suppress [Doc. No. 25] on April 9, 1998. A hearing on this motion was held. Miles Hanisee appeared on behalf of the Plaintiff. Roger Finzel appeared for Defendant Burke and Armando Torres appeared on behalf of Defendant Welty.

On June 4, 1998 at a trial calendar call I stated two grounds for denying Defendants' motion. First, although the government admits that Officer Chavez failed to meet the requirements for cross-designation as set forth in NMSA 1978, § 4-41-10, Officer Chavez acted under the good faith belief that he had a valid appointment as a deputy sheriff in Bernalillo County. In <u>United States v. Leon</u>, 468 U.S. 897 (1984), the Supreme Court established a "good faith" exception to the exclusionary rule. Because suppression in this case would not further the exclusionary rule's goal of deterring official misconduct, Defendants' motion should be denied.

Second, the stop of the Defendants outside of the Village of Corrales was valid under the doctrine of "fresh pursuit" as it is set forth in NMSA 1978, §§ 31–2-5 and 31-2-8. In <u>Incorporated County of Los Alamos v. Johnson</u>, 108 N.M. 633, 634 (1989), the New Mexico

Supreme Court interpreted § 31-2-8, stating that "the legislature intended . . . to expand the fresh pursuit and extraterritorial arrest powers of county sheriffs and municipal police officers" in enacting that provision.  Read together, Sections 31-2-5 and 31-2-8 support the conclusion that such powers of pursuit extend to felonies as well.  In this case, Officer Chavez pursued the defendants just a few moments after the Defendants left the boundaries of the Village of Corrales.  This qualifies as fresh pursuit under the statute.

      Therefore, it is ORDERED that Defendants' Motion to Suppress [Doc. No. 25] is DENIED.

_____
UNITED STATES DISTRICT JUDGE